IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FFGGP, INC., AS TRUSTEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0742-M-BK |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B) & (C), this case is now before the Court for the submission of findings of fact and a recommendation for the disposition of Defendant's *Motion for Summary Judgment*, Doc. 16, and Plaintiff's motion for summary judgment or remand, Doc. 20. For the reasons that follow, Defendant's motion for summary judgment should be **GRANTED IN PART**, and Plaintiff's motion for remand and, alternatively, for summary judgment should be **DENIED**.

**I. BACKGROUND**

Plaintiff FFGGP, Inc., as trustee, brings this quiet title suit against Defendant Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Soundview Home Loan Trust 2008-1, Asset-Backed Certificates, Series 2008-1 By Ocwen Loan Servicing, LLC its Attorney in Fact. Doc. 1-2 at 4. In July 2007, Judy Carter and Dorothy Smith (collectively "the Borrowers") signed a Texas Home Equity Security Instrument ("the Lien) securing repayment on a Texas Home Equity Note ("the Note") for $161,825.00, executed in favor of Delta Funding Corporation ("Delta"), and regarding the property located at 1036 East Oaklawn Drive, Terrell, Texas 75160 ("the Property"). *See* Doc. 17-2 & Doc. 17-3. In January 2008, the Note and the

Lien were assigned to Defendant as trustee for the Registered Holders of Soundview Home Loan Trust 2008-1, Asset-Backed Certificates, Series 2008-1 ("the Trust"). *See* Doc. 17-4.

The Property is located in the Winners Circle subdivision, and subject to the restrictions/protective covenants contained in the Winners Circle Home Owners Association's ("the HOA") Declaration of Covenants ("the Declaration"). *See* Doc. 17-8. Under the Declaration, the HOA may assess a lien on the Property for unpaid HOA assessments. Doc. 17-8 at 8-10. At some point, the Borrowers failed to pay such assessments, and in June 2013, a lien on the Property was filed by the HOA to secure the unpaid fees ("the Assessment Lien"). *See* Doc. 17-9. As alleged in the complaint, in May 2015, Plaintiff purchased the Property at an HOA foreclosure sale. Doc. 1-2 at 6. Plaintiff further averred that it contacted Defendant seeking information so as to exercise its "equitable right of redemption" and "discharge any obligation secured by a senior lien," but that "Defendant has failed and refused to communicate with Plaintiff," and instead filed suit in Kaufman County seeking to judicially foreclosure on the Property. Doc. 1-2 at 7.

In February 2016, Plaintiff filed its original petition in the Kaufman County Court at Law No. 1, asserting claims to quiet title and for equitable redemption against Defendant. Doc. 1-2. In March 2016, Defendant removed the action to this court asserting diversity jurisdiction. Doc. 1. In January 2017, Defendant moved for summary judgment on all of Plaintiff's claims. Doc. 16. Plaintiff responded by filing a cross-motion for summary judgment and, in the alternative, moved to remand this case to state court. Doc. 20. Defendant has replied and submitted supplemental authority. Doc. 22; Doc. 24; Doc. 29.

## II. PLAINTIFF'S MOTION TO REMAND

Because Plaintiff seeks remand of this case to state court as an alternative to the grant of its motion for summary judgment, the Court's subject-matter jurisdiction must be addressed first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citation and internal quotation marks omitted). Plaintiff argues that Defendant, the Trustee, is a nominal party "[having] virtually nothing to do with the operation of the Trust," and that the Servicer, Ocwen Loan Servicing, LLC, is "[t]he party with the real authority." Doc. 21 at 8-9, 13. Plaintiff thus asserts that in accordance with the Supreme Court's holding in *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), the citizenship of the Trust's certificate-holders, and not that of the trustee, is relevant in determining jurisdiction. Doc. 21 at 9-13.

Defendant responds, *inter alia*, that the trustee's citizenship is used where, as here, the trustee has been delegated rights and obligations by the certificate-holders, making it a real party in interest. Doc. 24 at 9-15. Defendant cites in support the Court of Appeals for the Fifth Circuit's recent holding in *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 F. App'x 330, 2016 WL 7240195 (5th Cir. 2017) (per curiam), which concerned a similar jurisdictional question. *See* Doc. 29. Defendant is correct.

"[W]hen a trustee files a lawsuit or is sued in [its] own name, [its] citizenship is all that matters for diversity purposes." *Americold*, 136 S. Ct. at 1016 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-466 (1980)). In such cases,

> the only preliminary question a court must answer is whether the party is an "active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990) (quoting *Navarro*, 446 U.S. at 465). The fact "[t]hat the trust [otherwise] may depart from conventional forms

3

in other respects has no bearing upon this determination." *Navarro*, 446 U.S. at 465.

*Justice*, 674 F. App'x at 332 (alterations in original).

Since, here, Defendant was sued in its capacity as Trustee, the question becomes whether Defendant wields "real and substantial control" over the Trust assets such that it can be considered an "active trustee." *Id.* The Court finds that it does.

Section 2.01 of the PSA conveys "all the right, title and interest" of the Trust to Defendant. Doc. 25-1 at 77. Additionally, Section 11.03 of the PSA provides that the certificate-holders shall have no right to "control the operation and management of the Trust." Doc. 25-1 at 202. Contrary to Plaintiff's argument that the Servicer holds all authority, Section 3.01 explicitly provides that all actions taken by the Servicer are "authorized and empowered" by Defendant. Doc. 25-1 at 96. Given this real and substantial control over the Trust assets, the Court should look only to Defendant's citizenship in determining whether the parties are diverse. *Americold*, 136 S. Ct. at 1016; *see also Justice*, 674 F. App'x at 332 (finding that the trustee exerted real and substantial control over trust assets where, under the PSA, the trustee held "all the right, title and interest" in the trust fund, and the trust beneficiaries held "no power to 'control the operation and management of the Trust Fund'") (citation omitted); *Shastry v. U.S. Bank Nat'l Ass'n*, No. 16-CV-3335-G-BN, 2017 WL 1102807, at *3 (N.D. Tex. Mar. 2, 2017) (Horan, J.) (finding that the trustee was a real and substantial party where, under the PSA, the trustee held "all right, title and interest" in the trust estate, and the certificate-holders were limited in their right to "vote or in any manner otherwise control the operation and management" of the trust estate), *adopted by* 2017 WL 1091650 (N.D. Tex. Mar. 23, 2017) (Fish, J.).

As a national banking association, Defendant's citizenship is determined solely by the location of its main office, as designated in its articles of association. *Wachovia Bank v.*

4

*Schmidt*, 546 U.S. 303, 306 (2006). As such, Defendant is a citizen of California. Plaintiff is a citizen of New York because it is incorporated under the laws of New York and has its principal place of business there. Doc. 1 at 5-6. Because there is complete diversity of citizenship between the parties and no dispute that the amount in controversy exceeds $75,000, subject-matter jurisdiction exists and removal was proper. Accordingly, Plaintiff's motion for remand should be **DENIED**.

### III. SUMMARY JUDGMENT MOTIONS

**A.     Legal Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (internal quotation marks and citation omitted).

"[U]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 313 (5th Cir. 2003) (citations omitted). Nevertheless, when ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.

**B.    Defendant's Motion for Summary Judgment**

As a preliminary matter, Plaintiff does not address Defendant's arguments and supporting evidence in its response to Defendant's motion for summary judgment, and instead offers a novel argument contesting the Trust's existence. *See* Doc. 21. Although a non-movant's failure to respond to an argument raised in a motion for summary judgment does not entitle the movant to summary judgment on that point, *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1022-1023 (5th Cir. 1995), such a failure does effectively waive the non-movant's opportunity to offer evidence or legal argument in opposition to summary judgment, *see Ervin v. Sprint Comm. Co. L.P.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam). Indeed, a party's failure to "properly support an assertion of fact or . . . properly address another party's assertion of fact as required by Rule 56(c)" enables the court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) ("Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment.") (citation omitted). Thus, here, Plaintiff is relegated to its unsworn pleadings, which do not constitute competent summary judgment evidence. *Ass'n of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96

6

F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).

### i. Quiet Title Claim

In support of its quiet title claim, Plaintiff alleges in the complaint that: (1) per the language of the Declaration, Defendant's lien "is subordinate to Plaintiff's Assessment Deed"; and (2) Defendant accelerated the payments due under the Note in December 2011, but failed to foreclose within the four-year limitations period; thus, its right to do so has expired. Doc. 1-2 at 7-8. Defendant counters that this claim fails because (1) the language of the Declaration actually confirms Defendant's superior interest in the Property; and (2) there is no evidence the Note was accelerated in December 2011, but even if it was, any acceleration was deemed abandoned by the subsequent notices of default and intent to accelerate that Defendant sent to the Borrowers before the limitations period expired in December 2015. Doc. 17 at 11.

To prevail on a suit to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012) (citation omitted). Moreover, the plaintiff in a quiet title action must recover on the strength of its own title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001).

*Subordination under the Declaration*

Plaintiff alleges in its original petition that Defendant's property interest "is subordinate to Plaintiff's Assessment Deed," pursuant to the terms of the Declaration. Doc. 1-2 at 7. Under the Declaration, the Assessment Lien is superior to all other charges, liens, or encumbrances,

7

except, as relevant here, "bona-fide first mortgage or deed of trust liens for purchase money and/or home improvement purposes placed upon a Lot." Doc. 17-8 at 11. While Defendant states that its home equity loan "is a bona-fide first mortgage," it cites no evidence that the loan was used as purchase money and/or for home improvement. *See* Doc. 17 at 10. In fact, this assertion is contradicted by the language of the Security Instrument offered by Defendant as evidence, which states that it "is not intended to finance Borrower's acquisition of the Property" and secures "an extension of credit." Doc. 17-2 at 3; *see Khyber Holdings LLC v. U.S. Bank Nat'l Ass'n*, No. 3:13-CV-714-M, 2014 WL 408036, at *5 (N.D. Tex. Jan. 9, 2014) (Toliver, J.) (finding a genuine issue of material fact existed regarding the purpose of a home equity loan where plaintiff's allegation that it was used to refinance the disputed property was "contradicted by language in the Security Instrument [that] the loan was 'not intended to finance Borrower's acquisition of the property' and indicating it was 'an Extension of Credit'"), *accepted by* 2014 WL 408036 (N.D. Tex. Feb. 3, 2014) (Lynn, J.) [hereinafter *Khyber I*].

Moreover, Defendant offers no evidence that the Borrowers used the home equity loan to purchase or improve the Property. *Cf. Khyber Holdings LLC v. U.S. Bank, N.A.*, No. 13-CV-714-M, 2015 WL 1411941, at *4 (N.D. Tex. Feb. 27, 2015) (Toliver, J.) (finding a home equity loan superior to an assessment lien under the terms of a similarly-worded subordination clause where the defendant presented evidence that the home equity loan was used to improve the subject property and refinance the previous loan), *accepted by* 2015 WL 1411941 (N.D. Tex. Mar. 26, 2015) (Lynn, J.) [hereinafter *Khyber II*];[1] *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, No. 15-CV-828, 2017 WL 1030313, at *2 (E.D. Tex. Mar. 17, 2017) (finding a home

---

[1] The supplemental evidence proffered in *Khyber II* established the purpose of the home equity loan, thereby vitiating the genuine issue of material fact that existed in *Khyber I*. *See Khyber II*, 2015 WL 1411941, at *4 n.2.

8

equity loan superior to an assessment lien under the terms of a similarly-worded subordination clause, where competent summary judgment evidence showed that proceeds from the home equity loan were used to satisfy previous liens securing the loans for the purchase price). Absent such a showing here, a genuine issue of material fact exists as to whether, under the terms of the Declaration, the home equity loan is superior to the Assessment Lien.

Thus, summary judgment should be **DENIED** on Plaintiff's claim to quiet title on the theory that its lien is superior to Defendant's lien pursuant to the explicit terms of the Declaration.

*Limitations Bar to Foreclosure*

While not conceding that it accelerated the Note in December 2011, as alleged by Plaintiff, Defendant nevertheless asserts that any acceleration was deemed abandoned by the subsequent notices of default and intent to accelerate that Defendant sent to the Borrowers before the limitations period expired in December 2015. In response, Plaintiff fails to submit any evidence that Defendant accelerated the Loan in December 2011, offering only its conclusory statement to that affect. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (finding that a noteholder exercises its option to accelerate by giving two unequivocal notices: notice of its intent to accelerate and notice of acceleration). However, even assuming *arguendo* that Defendant accelerated the Note in December 2011, it would be deemed abandoned by the Borrowers' receipt of (1) the Notice of Default requesting less than the amount due on September 1, 2013, Doc. 17-5 at 2-3; and (2) the Notice of Default and Intent to Accelerate on December 11, 2014, Doc. 17-16 at 3, copies of which Defendant has offered as proof. *See Cline v. Deutsche Bank Nat. Tr. Co.*, No. 14-CV-1565-D, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) (Fitzwater, J.) ("[A] noteholder may also abandon acceleration by . . .

9

providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters.") (citation omitted). As these notices all were sent before the December 2015 expiration date, as calculated based on Plaintiff's allegations, any purported acceleration by Defendant in December 2011 is deemed abandoned. *Id.*

Therefore, as is no genuine issue of material fact remaining, summary judgment should be **GRANTED** in Defendant's favor as to Plaintiff's quiet title claim based on the theory that limitations bars foreclosure under Defendant's Lien.

### ii. Equitable Redemption Claim

Plaintiff's equitable redemption claim is not really a claim but a request for information that would enable it to exercise its right of equitable redemption. *See* Doc. 1-2 at 8 ("Plaintiff prays that the Court decree that Defendant provide to Plaintiff sufficient information to enable Plaintiff to exercise its right of equitable redemption."). Defendant argues that this claim fails because Plaintiff, despite being provided the payoff quote, has not tendered the amount due and owing under the Note, or even alleged that it has done so. Doc. 17 at 14. Defendant is correct.

To enforce the equity of redemption, a plaintiff must (1) prove that it has a legal or equitable interest in the property subject to the mortgage; (2) prove that it is "ready, able, or willing" to redeem the property by paying off the valid liens to which the property is subject; and (3) assert its equity of redemption before a foreclosure sale, as the equity of redemption terminates once a foreclosure sale occurs. *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ) (citations omitted). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note." *White v. BAC Home Loans Servicing, L.P.*, No. 09-CV-2484-G, 2010 WL

4352711, at *5 (N.D. Tex. Nov. 2, 2010) (Fish, J.) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

Here, Plaintiff does not allege that it tendered to Defendant the full amount owed under the Note– a necessary element of an equitable redemption claim. Plaintiff only alleges that it "stands ready, willing, and able to exercise its right of equitable redemption." Doc. 1-2 at 8 Indeed, despite being informed of the payoff amount in April 2016, *see* Doc. 17-11; Doc. 17-12; Doc. 17-13, Plaintiff has yet to tender the amount owed. *White*, 2010 WL 4352711, at *5; *see also 10711 Staggering Creek Tr. v. Citimortgage, Inc.*, No. SA-14-CA-786, 2015 WL 12533101, at *1-2 (W.D. Tex. Mar. 4, 2015) (granting summary judgment in favor of defendant on plaintiff's equitable redemption claim where plaintiff alleged it was ready, able, and willing to redeem the properties in controversy, yet, when informed of the payoff amount, failed to tender the necessary funds). Accordingly, as there is no genuine issue of material fact as to Plaintiff's exercise of its right of equitable redemption (or failure to do so), summary judgment should be **GRANTED** in Defendant's favor.

C.  **Plaintiff's Motion for Summary Judgment**

In response to Defendant's motion for summary judgment, Plaintiff filed a cross-motion for summary judgment on the grounds that the conveyance of the Deed of Trust from Delta to the Trust is void because the Trust does not exist. Doc. 21 at 3-4; *see also supra* at p. 6, discussion of the same argument proffered by Plaintiff in response to Defendant's motion for summary judgment. In response to Plaintiff's cross-motion for summary judgment, Defendant notes that Plaintiff has never questioned the Trust's existence and, at this stage, is "bound to its pleading and cannot now raise new issues." Doc. 24 at 4. Even if this claim could be raised,

11

Defendant argues that the Trust's existence has been firmly established. Doc. 24 at 7-9. Defendant is correct.

A "claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citation omitted). Indeed, "[a] properly pleaded complaint must give 'fair notice of what the claim is and the grounds upon which it rests.'" *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698-699 (2009)). Thus, "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *Green v. JP Morgan Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (per curiam) (quoting *De Franceschi*, 477 F. App'x at 204).

Plaintiff never alleges in its original petition that the Trust is nonexistent or that the conveyance of the Lien to Defendant was void for this reason. *See* Doc. 1-2. Instead, Plaintiff seeks only to quiet title based on the language in the Declaration that it contends gives it superior title and the purported running of the statute of limitations, and to exercise its right of equitable redemption. Doc. 1-2 at 7-6. Consequently, the Court should refuse to entertain Plaintiff's new claims/theories, as is consistent with its previous rulings.[2]

---

[2] *See, e.g., Fisher v. Blue Cross & Blue Shield of Tex., Inc.*, No. 10-CV-2652-L, 2015 WL 5603711, at *11 n.7 (N.D. Tex. Sept. 23, 2015) (Lindsay, J.) (finding the new fraud theory raised in plaintiff's summary judgment response was not properly before the court where the theory was never pleaded); *Bassknight v. Deutsche Bank Nat. Tr. Co.*, No. 12-CV-1412-M, 2014 WL 6769085, at *4 (N.D. Tex. Oct. 29, 2014) (Stickney, J.) (finding claim plaintiffs raised for the first time in their summary judgment response were not properly before the Court), *adopted by* 2014 WL 6769085 (N.D. Tex. Dec. 1, 2014) (Lynn, J.); *Allstate Ins. Co. v. Plambeck*, No. 08-CV-0388-M-BD, 2012 WL 2130982, at *4 (N.D. Tex. Jan. 4, 2012) (Kaplan, J.) ("[Plaintiffs] are bound by the representations of their attorney and will not be permitted to rely on an unpled

That notwithstanding, Plaintiff's argument fails on the merits. In particular, the evidence Plaintiff offers in support of its claim – an Attestation from the Securities and Exchange Commission ("SEC"),[3] Doc. 21-1 at 8; screenshots purporting to show that an internet search for the term "soundview" on the SEC's website did not show the Trust, Doc. 21-1 at 10-12; and a sample Pooling and Servicing Agreement ("PSA"), which Plaintiff argues would have been filed if the Trust actually existed, Doc. 21-1 at 14 – fails to create a genuine issue of material fact as to the existence of the Trust. First, the Attestation, to which Defendant objects, is unauthenticated, rendering it improper summary judgment evidence. Doc. 21-1 at 7-8; *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991). Second, Plaintiff fails to explain how the Trust's absence from internet search results indicates that the Trust does not exist. Finally, in response, Defendant offers as competent evidence the PSA that created the Trust. *See* Doc. 25-1 at 6-221. Thus, even if Plaintiff's claim was properly before the Court, there is no genuine issue regarding the Trust's existence. Therefore, Plaintiff's motion for summary judgment should be **DENIED**.

---

theory of recovery to defeat summary judgment."), *adopted by* 2012 WL 2130912 (N.D. Tex. June 12, 2012) (Lynn, J.); *Days Inn Worldwide, Inc. v. Sonia Invs.*, No. 04-CV-2278-D, 2006 WL 3103912, at *20 (N.D. Tex. Nov. 2, 2006) (Fitzwater, J.) (finding that, where plaintiff's complaint alleged fraudulent inducement and fraud based on representations or misrepresentations, he could not raise new allegations of fraud by nondisclosure in order to defeat summary judgment); *Becker v. Nat'l Educ. Training Grp., Inc.*, No. 01-CV-1187, 2002 WL 31255021, at *6 (N.D. Tex. Oct. 7, 2002) (Lynn, J.) (holding that plaintiff "is bound to his [fraud by misrepresentation] pleadings and cannot assert an unpleaded nondisclosure theory at this late stage in the litigation").

[3] The Attestation, dated February 14, 2017, states: "A diligent search has this day been made of the records and files of this Commission and the records and files do not disclose that any filings have been received in this Commission under the name of Soundview Home Loan Trust 2008-1, pursuant to the provisions of any of the Acts administered by the Commission." Doc. 21-1 at 8.

## VI. CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment, Doc. 16, should be **GRANTED IN PART**, and Plaintiff's motion for remand and, alternatively, for summary judgment, Doc. 20, should be **DENIED**.

**SO RECOMMENDED** on September 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE