IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FFGGP, INC., AS TRUSTEE,<br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY,<br>    Defendant. | §<br>§<br>§<br>§  Civil Action No. 3:16-CV-0742-M-BK<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this cause has been referred to the undersigned for pretrial management and is now before the Court for a recommendation on Defendant's *Motion for Summary Judgment on Subordination Issue*, Doc. 36. For the reasons that follow, it is recommended that Defendant's motion be **GRANTED**.

**I. BACKGROUND**

Plaintiff FFGGP, Inc., as trustee, brings this quiet title suit against Defendant Deutsche Bank National Trust Company, as trustee for the Registered Holders of Soundview Home Loan Trust 2008-1, Asset-Backed Certificates, Series 2008-1 By Ocwen Loan Servicing, LLC its Attorney in Fact. Doc. 1-2 at 4.

**A.    The Loans**

On May 25, 2005, Judy Carter and Dorothy Smith (collectively, the "Borrowers") executed a Deed of Trust (the "Deed of Trust") securing repayment on a promissory note in the amount of $142,900.00 (the "May 2005 Loan") in favor of Delta Funding Corporation ("Delta") regarding the real property located at 1036 East Oaklawn Drive, Terrell, Texas 75160 ("the

Property"). *See* Doc. 37-7 at 1-15. The Deed of Trust recites that the proceeds of the May 2005 Loan "were used to pay all or part of the purchase price of the Property." Doc. 37-7 at 14.

On July 16, 2007, the Borrowers executed a Texas Home Equity Security Instrument (First Lien) (the "Security Instrument"), Doc. 37-3, securing repayment on a Texas Home Equity Note (Fixed Rate – First Lien), Doc. 37-4, in the amount of $161,825.00, in favor of Delta regarding the Property (the "July 2007 Loan"). *See* Doc. 37-2 at 2; Doc. 37-4 at 1-4. The Security Instrument expressly states that the lender "shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof . . . ." Doc. 37-3 at 14. A U.S. Department of Housing and Urban Development Settlement Statement (the "Settlement Statement"), dated July 17, 2007, shows how the proceeds of the July 2007 Loan were distributed: (1) $6,998.87 covered the settlement charges, (2) $143,965.57 paid off a prior loan, and (3) $10,860.56 was distributed directly to the Borrowers. Doc. 37-6 at 1. The Settlement Statement identifies the loan that was paid off as "Payoff Ln# [redacted] G/T (7/31) OCWEN." Doc. 37-6 at 1. The proceeds of the July 2007 Loan were disbursed on July 20, 2007. Doc. 37-6 at 1. Four days later, a Texas Release of Lien (the "Release of Lien") was signed stating that the lien on the Property securing repayment of the May 2005 Loan was released. Doc. 37-8 at 1. The July 2007 Loan was later assigned from Delta to Defendant. Doc. 37-2 at 2.

**B.    The Assessment Lien**

The Property, being part of the Winners Circle subdivision, is subject to the restrictions/protective covenants contained in the Winners Circle Home Owners Association's ("the HOA") Declaration of Covenants ("the Declaration"). *See* Doc. 37-1. Under the Declaration, the HOA may assess a lien on the Property for unpaid HOA assessments, i.e., an

assessment lien. Doc. 37-1 at 7-9. Section 5.11 of the Declaration provides that an assessment lien

> shall be superior to any and all other charges, liens or encumbrances which may hereafter in any manner arise or be imposed upon any Lot . . . except for:
>
> (a) bona-fide mortgage or deed of trust liens for purchase money and/or home improvement purposes placed upon a Lot . . . in which event the [assessment] lien shall automatically become subordinate and inferior to such first lien[.]

Doc. 37-1 at 10. At some point, the Borrowers failed to pay such assessments, and in June 2013 a lien was recorded on the Property to secure the unpaid fees (the "Assessment Lien"). *See* Doc. 17-9. In May 2015, Plaintiff purchased the Property at an HOA foreclosure sale. Doc. 1-2 at 6.

**C.    The Lawsuit**

In February 2016, Plaintiff filed its Original Petition in the Kaufman County Court at Law No. 1, asserting quiet title and equitable redemption claims against Defendant. Doc. 1-2. In March 2016, Defendant removed the action to this Court on diversity grounds. Doc. 1. In January 2017, Defendant moved for summary judgment on all of Plaintiff's claims. Doc. 16 & Doc. 17. Plaintiff responded by filing a cross-motion for summary judgment, and, in the alternative, moved for remand to state court. Doc. 20 & Doc. 21. The Court denied Plaintiff's motion to remand and motion for summary judgment. *See FFGGP, Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. 3:16-CV-0742-M-BK, 2017 WL 4404460, at *2-3, *6-7 (N.D. Tex. Sept. 6, 2017) (Toliver, J.), *adopted by* 2017 WL 4351404 (N.D. Tex. Sept. 29, 2017) (Lynn, C.J.). The Court granted Defendant's motion for summary judgment as to Plaintiff's (1) quiet title claim, based on their theory that the statute of limitations bars foreclosure under the July 2007 Loan, and (2) equitable redemption claim. *Id.* at *5-6. The Court denied Defendant's motion for summary judgment as to Plaintiff's quiet title claim based on the theory that the Assessment Lien is superior to the lien securing repayment of the July 2007 Loan. *Id.* at *4-5. However, Defendant

3

was granted leave to file an additional motion for summary judgment directed only to the subordination issue. *FFGGP, Inc.*, 2017 WL 4351404, at *1. Defendant subsequently filed its *Motion for Summary Judgment on Subordination Issue*. Doc. 36. Plaintiff's response and Defendant's reply followed. Doc. 40; Doc. 41.

## II. APPLICABLE LAW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). When ruling on a motion for summary judgment, the court must resolve all reasonable doubts in favor of the nonmoving party. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 248. Upon this showing, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (citation and internal quotation marks omitted).

4

### III. ARGUMENT

Defendant argues, *inter alia*, that because proceeds of the July 2007 Loan were used to pay off the May 2005 Loan, the July 2007 Loan is contractually and equitably subrogated to the May 2005 Loan, and, pursuant to Section 5.11 of the Declaration, superior to the Assessment Lien. Doc. 36 at 11. Though it acknowledges the principle of subrogation, Plaintiff argues that it is not applicable here because Defendant has failed to establish that the July 2007 Loan was used to pay off the May 2005 Loan. Doc. 40 at 5. Specifically, Plaintiff (1) notes the lack of a "Renewal and Extension" rider on the home equity deed of trust, which it contends is "customary where there is a refinance of an earlier obligation," and (2) argues that Defendant has failed to present evidence that the proceeds of the July 2007 Loan were used to pay off the May 2005 Loan. Doc. 40 at 5-6. Alternatively, Plaintiff argues that if Defendant is subrogated to the first lienholder, such subrogation is limited to the amount paid to discharge the May 2005 Loan. Doc. 40 at 6-8. In reply, Defendant presents partially-unredacted portions of the Settlement Statement, Release of Lien, and Security Instrument, which show that the identifying numbers associated with the May 2005 Loan and the loan paid off by the July 2007 Loan have the same last four digits: 8482. Doc. 41 at 7-8. Defendant further argues that it may foreclose to recover the entire amount of the July 2007 Loan. Doc. 41 at 9.

### IV. DISCUSSION

Upon review, the Court finds that the July 2007 Loan is contractually subrogated to the May 2005 Loan and therefore Defendant's interest in the Property is superior to the Assessment Lien. "Contractual subrogation arises when a person advances money to take up and extend indebtedness secured by a vendor's lien on land under an agreement that such person shall stand in the place of the original holder of the indebtedness." *Vogel v. Veneman*, 276 F.3d 729, 735

(5th Cir. 2002) (citation and internal quotation marks omitted). "A valid deed of trust executed by both the borrower and lender establishes contractual subrogation." *Id.* (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 662 (Tex. 1996). A "chain of financings" in which a lender advances money to extinguish prior amounts owing, and where a deed of trust is executed on the subject property, contractually subrogates the lender's lien on the property. *Id.*; *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, No. 4:15-CV-828, 2017 WL 1030313, at *3 (E.D. Tex. Mar. 17, 2017).

      Here, the evidence first establishes – and Plaintiff does not contest – that the proceeds of the May 2005 Loan were used to purchase the Property. Doc. 37-7 at 14. The evidence also shows that proceeds of the July 2007 Loan were used to pay off the May 2005 Loan. Specifically, the Settlement Statement and the Declaration of Gina Feezer[1] establish that $143,965.57 of the July 2007 Loan proceeds were used to pay off a prior purchase-money loan. Doc. 37-2 at 3; Doc. 37-6 at 1. The unredacted portions of the Settlement Statement, the Release of Lien, and the Deed of Trust, show that the identifying number associated with that prior purchase-money loan has the same last four digits as the identifying number associated with the May 2005 Loan. *See* Doc. 40 at 7-8. In light of this evidence, the fact that the Release of Lien was signed only four days after the proceeds of the July 2007 Loan were disbursed leaves only one logical conclusion: the May 2005 Loan was paid off with proceeds of the July 2007 Loan. And at that point, under the Security Instrument, Defendant became subrogated to all prior liens against the Property, namely, the lien securing repayment of the May 2005 Loan. *Vogel*, 276 F.3d at 735; *see* Doc. 37-3 at 14 ("Lender shall be subrogated to any and all rights, superior title,

---

[1] Ms. Feezer is a senior loan analyst for Ocwen Financial Corporation, a subsidiary of Defendant's loan servicer, Ocwen Loan Servicing, LLC. Doc. 37-2 at 1.

liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof . . ."). Therefore, under the terms of the Declaration, the Assessment Lien is expressly subordinated to Defendant's lien securing repayment of the July 2007 Loan. *See* Doc. 37-1 at 10 (providing that HOA assessment liens are superior to all other liens *except* "bona-fide mortgage or deed of trust liens for purchase money" placed upon the Property); *see also NSEW Holdings LLC*, 2017 WL 1030313, at *5 (finding that assessment lien was expressly subordinated by HOA declaration with similar subordination clause where the evidence established that defendant's lien was granted to secure the payment of monies advanced on account of the purchase price and/or improvement of the subject property).

In response, Plaintiff offers no controverting summary judgment evidence. Plaintiff's argument that the lack of a Renewal and Extension Rider indicates that the July 2007 Loan did not refinance the May 2005 Loan is unsupported and unconvincing. *See* Doc. 40 at 5. Indeed, Plaintiff's summary judgment burden is not satisfied by its conclusory assertion that such riders are "customary" when refinancing a loan, particularly when Defendant has presented evidence that the July 2007 Loan did in fact refinance the May 2005 Loan. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (holding that neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy a nonmovant's summary judgment burden). Accordingly, the Court finds that Defendant is subrogated to the rights that ensue from the May 2005 Loan, and, therefore, Defendant's interest in the Property is superior to Plaintiff's Assessment Lien.

By its Complaint, Plaintiff indicated that this civil action was prompted by Defendant's impending judicial foreclosure sale of the Property. Doc. 1-2 at 7. As such, the Court having

determined that Defendant is subrogated to the rights of the May 2005 Loan, next determines the extent of that subrogation.

"At a minimum, '[o]ne who is subrogated is entitled to be reimbursed to the extent such payments operated to discharge the original liens with legal interest thereon from the date of discharge.'" *NSEW Holdings LLC v. Wells Fargo Bank N.A.*, No. 4:15-CV-828, 2017 WL 4510590, at *3 (E.D. Tex. June 12, 2017) (quoting *Vogel v. Glickman*, 117 F. Supp. 2d 572, 577 (W.D. Tex. 2000)). Additionally, "[w]hen a party is contractually subrogated to another lender, the terms of the original contract govern." *Vogel*, 276 F.3d at 735. Thus, a contractually subrogated party is also entitled to be reimbursed to the extent set forth in the original contract. *See, e.g.*, *NSEW Holdings LLC*, 2017 WL 4510590, at *3 (finding that contractually subrogated party was also entitled to reimbursement for escrow advances and attorneys' fees, including legal interest thereon from the date of discharge, where collection of such expenses was permitted under the terms of the original deed of trust). As discussed *supra*, Defendant is contractually subrogated to the rights of the May 2005 Loan. Accordingly, Defendant's security interest in the Property is not limited to the amount paid to discharge the May 2005 Loan, but also includes any amounts permitted under the terms of the Deed of Trust executed in conjunction with the May 2005 Loan. *Vogel*, 276 F.3d at 735; *NSEW Holdings LLC*, 2017 WL 4510590, at *3.

Based on the foregoing, Defendant's motion for summary judgment should be granted and Plaintiff's quiet title claim based on the purported seniority of the Assessment Lien should be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, Defendant's *Motion for Summary Judgment on Subordination Issue*, Doc. 36, should be **GRANTED**, and Plaintiff's remaining quiet title claim should thus be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 18, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE